UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

---

MARTIN J. WALSH, Secretary of Labor,
United States Department of Labor,

          Plaintiff,

v.

ON THE ROAD MARKETING LLC; MARK MEDING; and the ON THE ROAD SIMPLE IRA PLAN,

          Defendants.

---

Civil Action File
No. 21-14518

**COMPLAINT**

Plaintiff Martin J. Walsh, Secretary of Labor, United States Department of Labor (the "Secretary"), alleges as follows:

### PRELIMINARY STATEMENT

1. On the Road Marketing LLC ("On the Road") sponsored the On the Road SIMPLE IRA Plan (the "Plan"), its principal owner, Mark Meding, established in 2017.

2. On the Road and Meding withheld contributions from employee paychecks and were committed to pay an employer match to the Plan.

3. From the first year, On the Road and Meding did not properly remit all withholdings to the Plan.

4. During this same time, On the Road and Meding also failed to consistently make the employer match called for in the Plan document and required by law.

5. By the actions and omissions specified above, On the Road and Meding breached their duties of exclusive purpose, prudence, and loyalty, caused the Plan to enter into non-exempt prohibited transactions, and engaged in self-dealing.

1

6.Because of these breaches, the Plan and its participants and beneficiaries have suffered significant losses, including lost opportunity costs.

7.Although Meding has acknowledged the violations, he has failed to correct them, and the Secretary accordingly brings suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001, *et seq.*, seeking relief.

## JURISDICTION AND VENUE

8.The Secretary brings this action under ERISA section 502(a)(2) and (a)(5), 29 U.S.C. § 1132(a)(2) and 1132(a)(5), to redress violations and enforce Title I of ERISA.

9.This Court has subject matter jurisdiction over this action under ERISA section 502(e)(1), 29 U.S.C. § 1132(e)(1), and general federal question jurisdiction, 28 U.S.C. § 1331.

10.Venue with respect to this action lies in the United States District Court for the District of New Jersey, under ERISA section 502(e)(2), 29 U.S.C. § 1132(e)(2), because On the Road is located in and Meding resides in Bergen County, within this district, and the fiduciary breaches at issue in this Complaint occurred within this district.

## PARTIES

11.Plaintiff, the Secretary, has authority to enforce Title I of ERISA by, among other things, filing and prosecuting claims against fiduciaries who breach their duties under Title I of ERISA. 29 U.S.C. § 1132(a)(2), (5).

12.Since 2017, defendant On the Road has been the sponsor of the Plan and was the Plan administrator. 29 C.F.R. § 2510.3-16(a).

13.During this time, On the Road had authority to administer and manage the Plan. 29 C.F.R. § 2509.75-8, D-3. Therefore, On the Road is a fiduciary to the Plan under ERISA section

3(21)(A), 29 U.S.C. § 1002(21)(A).

14. On the Road was also a party in interest to the Plan during the relevant time period under ERISA section 3(14)(A), (C), 29 U.S.C. § 1002(14)(A), (C), because it was the administrator and therefore a fiduciary of the Plan, and because it was the employer of participants in the Plan.

15. Since approximately January 2015, defendant Meding has been On the Road's principal owner.

16. During that time period, Meding was responsible and had ultimate authority for transmitting (and did, in fact, transmit some) participant contributions to the Plan. Meding is therefore a Plan fiduciary under ERISA section 3(21)(A). 29 U.S.C. § 1002(21)(A).

17. Defendant Meding was also a party in interest to the Plan during the relevant time period under ERISA section 3(14)(A) & (E), 29 U.S.C. § 1002(14)(A) & (E), as he is a fiduciary of the Plan and was the principal owner of On the Road.

18. During the relevant time period, the Plan was an employee benefit plan within the meaning of ERISA section 3(2) and (3), 29 U.S.C. § 1002(2) and (3). The Plan is joined as a defendant pursuant to Rule 19 of the Federal Rules of Civil Procedure solely to ensure that complete relief can be granted.

**FACTUAL ALLEGATIONS**

19. On the Road is a marketing company, whose headquarters is at 82 Lindy Avenue, River Vale, NJ 07675

20. On the Road is also the sponsor of the Plan.

21. Employees contributed to the Plan via payroll deductions, with On the Road promising it would provide a matching contribution.

**Defendants Have Remitted Employee Contributions to the Plan Late or Not at All**

22. Beginning in 2017, On the Road and Meding consistently deducted employee contributions to the Plan from employees' paychecks.

23. On the Road and Meding were responsible for timely remitting employee contributions to Plan accounts.

24. Beginning in 2017, On the Road and Meding remitted many employee contributions to the Plan either in an untimely manner, or not at all.

25. Meding has acknowledged that he and On the Road have failed to remit employee contributions to the Plan.

26. Meding explained that the these employee contributions to the Plan were kept in On the Road's general operating account and On the Road used them to pay other bills.

27. Although Meding has committed to repay the unpaid employee contributions, he and On the Road have failed to fully repay them.

**Defendants Failed to Remit Employer Contributions**

28. During the relevant time period, On the Road promised to make contributions matching a portion of employee contributions to the Plan.

29. This promise was reflected in the document establishing the Plan and as required by ERISA for such pans.

30. Beginning in 2017, On the Road and Meding failed to properly remit employer match contributions.

31. To date, On the Road and Meding have failed to remit these employer match contributions despite having the financial resources to do so from 2017 through the present.

32. Upon information and belief, neither On the Road nor Meding has taken any action

to ensure that the Plan received the owed employer match contributions.

**FIRST CLAIM FOR RELIEF**
**(Against On the Road and Meding for Breaches of the Exclusive Purpose Requirement)**

33. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary hereby incorporates the allegations of all prior paragraphs.

34. ERISA section 403(c)(1) allows plan assets to be held only for the exclusive purposes of providing benefits to plan participants and defraying reasonable plan administration expenses. It also forbids holding plan assets for any employer's benefit. 29 U.S.C. § 1103(c)(1).

35. Withheld employee contributions became Plan assets as soon as On the Road could have reasonably segregated them from general assets, and at most 30 days after the end of the month in which they would have been payable to the employee. 29 C.F.R. § 2510.3-102(a)(1), (b)(2).

36. During the relevant time period, On the Road and Meding failed to remit employee contributions to the Plan long after they could have reasonably segregated the employee contributions from On the Road's general assets (at most 30 days after the of the month in which they have been payable to the employee).

37. By their actions and omissions, On the Road and Meding allowed Plan assets to be held outside the Plan for extended periods of time, and for other than their intended purpose.

38. On the Road and Meding are therefore jointly and severally liable under ERISA section 409(a) for the harms suffered by the Plan and its participants and beneficiaries. 29 U.S.C. § 1109(a).

**SECOND CLAIM FOR RELIEF**
**(Against On the Road and Meding for Breaches of Fiduciary Duties for Failing to Remit Employee Contributions)**

39. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary hereby

incorporates the allegations of all prior paragraphs.

40. As Plan fiduciaries, On the Road and Meding had a duty under ERISA section 404(a)(1)(A)-(B) to act prudently and loyally in the sole interest of Plan participants and beneficiaries. 29 U.S.C. § 1104(a)(1)(A)-(B).

41. During the relevant time period, On the Road and Meding did not promptly segregate and remit employee contributions to the Plan.

42. Instead, On the Road and Meding allowed Plan assets to remain in the general operating account, where On the Road could access them for impermissible purposes such as paying everyday business expenses.

43. Diversion of employee contributions to On the Road's general operating account was imprudent and disloyal because it was not in the interest of Plan participants or beneficiaries.

44. A prudent person acting in a fiduciary capacity in similar circumstances to those faced by On the Road and Meding would promptly segregate and remit employee contributions to the Plan and monitor accounts to ensure that On the Road did not convert Plan assets to its own use.

45. By their actions and omissions, On the Road and Meding:

    a. Failed to discharge their duties to the Plan solely in the interests of Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable Plan administration expenses, in violation of ERISA section 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A); and

    b. Failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use to conduct an enterprise of a like character and with like aims,

in violation of ERISA section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

46. On the Road and Meding are therefore jointly and severally liable under ERISA section 409(a) for the harms suffered by the Plan and its participants. 29 U.S.C. § 1109(a).

### THIRD CLAIM FOR RELIEF
**(Against On the Road and Meding for Breaches of Fiduciary Duties for Failing to Ensure the Plan Received Employer Matching Contributions)**

47. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary adopts and incorporates by reference the allegations of all prior paragraphs.

48. As Plan fiduciaries, On the Road and Meding had a duty under ERISA section 404(a)(1)(A)-(B) to act prudently and loyally in the sole interest of Plan participants and beneficiaries. 29 U.S.C. § 1104(a)(1)(A)-(B).

49. Beginning in 2017, On the Road and Meding failed to ensure that the Plan received the employer match contributions owed to employees.

50. Failure to ensure that the Plan received the owed employer match contributions was imprudent and disloyal because it was not in the interest of Plan participants or beneficiaries.

51. A prudent person acting in a fiduciary capacity in similar circumstances to those faced by On the Road and Meding would act to ensure that the Plan received all employer match contributions to which it was entitled.

52. By their actions and omissions, On the Road and Meding:

   a. Failed to discharge their duties to the Plan solely in the interests of Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable Plan administration expenses, in violation of ERISA section 404(a)(1)(A) , 29 U.S.C. § 1104(a)(1)(A); and

   b. Failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar

with such matters would use to conduct an enterprise of a like character and with like aims, in violation of ERISA section 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

53. On the Road and Meding are therefore jointly and severally liable under ERISA section 409(a) for the harms suffered by the Plan and its participants. 29 U.S.C. § 1109(a).

## FOURTH CLAIM FOR RELIEF
### (Against On the Road and Meding for Engaging in Prohibited Transactions)

54. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary hereby incorporates the allegations of all prior paragraphs.

55. ERISA section 406(a)(1)(D) prohibits fiduciaries, such as On the Road and Meding, from transferring plan assets to a "party in interest." 29 U.S.C. § 1106(a)(1)(D).

56. Meding, as a Plan fiduciary and 100% owner of On the Road, was a "party in interest" to the Plan. ERISA section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

57. On the Road, as Plan administrator and employer, was a "party in interest" to the Plan. ERISA section 3(14)(A) and (C), 29 U.S.C. § 1002(14)(A) and (C).

58. During the relevant time period, On the Road and Meding failed to segregate and remit employee contributions and allowed On the Road to commingle Plan assets with general employer assets.

59. By their actions and omissions, On the Road and Meding caused the Plan to enter into transactions that they knew or should have known constituted prohibited transfers of Plan assets to a party in interest in violation of ERISA section 404(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

60. On the Road and Meding are therefore jointly and severally liable under ERISA section 409(a) for the harms suffered by the Plan and its participants. 29 U.S.C. § 1109(a).

## FIFTH CLAIM FOR RELIEF
### (Against On the Road and Meding for Self-Dealing)

61. Pursuant to Rule 10(c) of the Federal Rules of Civil Procedure, the Secretary hereby incorporates the allegations of all prior paragraphs.

62. ERISA section 406(b)(1) prohibits fiduciaries, such as On the Road and Meding, from dealing with plan assets in their "own interest" or for their "own account." 29 U.S.C. § 1106(b)(1).

63. ERISA section 406(b)(2) prohibits fiduciaries, such as On the Road and Meding, from acting in any transaction involving the plan on behalf of a party whose interests are adverse to the interests of the plan or its participants and beneficiaries. 29 U.S.C. § 1106(b)(2).

64. During the relevant time period, On the Road and Meding allowed Plan assets to languish in On the Road's general operating account, which benefitted On the Road's business interests, and therefore Meding's interests as 100% owner of On the Road, at the expense of the Plan and its participants, who thought their employee contributions were funding retirement accounts.

65. By their actions and omissions, On the Road and Meding engaged in prohibited self-dealing in violation of ERISA section 404(b)(1) and (2), 29 U.S.C. § 1106(b)(1)-(2).

66. On the Road and Meding are therefore jointly and severally liable under ERISA section 409(a) for the harms suffered by the Plan and its participants. 29 U.S.C. § 1109(a).

## PRAYER FOR RELIEF

WHEREFORE, the Secretary requests that the Court grant the following relief:

1. Ordering On the Road and Meding jointly and severally to restore all losses, plus interest and/or lost opportunity earnings, incurred by the Plan as a result of their violations of ERISA;

2. Ordering that the Plan be deemed amended to permit offset pursuant to ERISA § 206(d)(4), 29 U.S.C. § 1056(d)(4);

3. Ordering that any money currently in Meding's account in the Plan be used to satisfy in part Meding's obligations to restore the unremitted contributions, and the Plan be amended to permit such offset; and

4. Granting such other relief as may be equitable, just, and proper.

DATED:    August 3, 2021
          New York, New York

                                          Respectfully submitted,

                                          SEEMA NANDA
                                          Solicitor of Labor

                                          JEFFREY S. ROGOFF
                                          Regional Solicitor

                                          <u>s/ David J. Rutenberg</u>
                                          DAVID J. RUTENBERG
                                          Trial Attorney
                                          U.S. Department of Labor
                                          Office of the Regional Solicitor
                                          201 Varick Street, Room 983
                                          New York, NY 10014
                                          646-264-3686
                                          646-264-3660 (fax)
                                          Rutenberg.David.J@dol.gov
                                          NY-SOL-ECF@dol.gov